UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOHUA HUANG *Pro Se*, <br><br> Plaintiff, <br><br> v. <br><br> SAPIA NETWORKS, INC., <br><br> Defendant. | Case No. 2:20-cv-09928-MCS-AGR <br><br> **ORDER TRANSFERRING CASE TO PROPER VENUE** |

For the reasons explained below, the Court orders this case **TRANSFERRED** to the Eastern District of California, the court with proper venue over this action.

## I. BACKGROUND

Plaintiff Xiaohua Huang filed a patent infringement suit against Defendant Sapia Networks, Inc. ("Sapia"), and Sapia moved to dismiss Huang's Complaint. *See* ECF Nos. 1 (Complaint), 9 (Motion to Dismiss), and 20 (Response). Simultaneous with the Court's entry of an order taking the Motion to Dismiss under submission (ECF No. 22), Huang filed a First Amended Complaint ("FAC") mooting the Motion (ECF No. 21).

In its now-mooted Motion, Sapia asserted that this Court lacks venue over the action. Neither Huang's Response nor his FAC contested the facts demonstrating venue

1

is proper in the Eastern District of California.

## II. LEGAL STANDARD

In patent cases, 28 U.S.C. § 1400(b) governs venue. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1514 (2017). Under that provision, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). A domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1514. Further, having a "regular and established place of business" requires that: (1) there is a physical place in the district; (2) that is a regular and established place of business; and (3) it is the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Under 28 U.S.C. § 1406, when a party files a case in a district or division lacking venue, the Court may "transfer such case to any district or division in which it could have been brought" if doing so would be "in the interest of justice." The Court may "rais[e] the issue of defective venue on its own motion." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

## III. DISCUSSION

Huang's venue-related allegations in the Complaint demonstrated that this Court lacks venue. Huang's amended allegations in the FAC do not change this conclusion. Huang concedes that Sapia resides in and has its principal place of business in Rocklin, California, which lies within the Eastern District of California.[1] *See* FAC ¶ 4.

The Court observes that Huang initially filed his patent infringement suit against

---

[1] *See* http://www.caed.uscourts.gov/caednew/index.cfm/clerks-office/court-directions/.

Sapia in the Eastern District of California. *See Huang v. Sapia Networks, Inc.*, Case No. 2:20-cv-01706-JAM-DB ("E.D.C.A. Case"). It appears that Huang's confusion over where to sue Sapia caused him to file a notice of voluntary dismissal without prejudice in that case, *see* FAC ¶ 4; *see also* E.D.C.A. Case, ECF No. 12 (Notice of Voluntary Dismissal). Huang then filed this case in the improper venue.

The FAC claims proper venue because (1) Sapia refused to provide its corporate address so Huang would know where to file suit; (2) Sapia has "[s]ome customers" in this district; (3) Sapia can do business from anywhere; and (4) venue is proper because Huang has filed another patent infringement suit here involving the same patent against a different defendant (Case No. 5:20-cv-01650-JAK-SHKx). FAC ¶ 4.

None of these allegations establishes that Sapia resides in the Central District of California, or has committed acts of infringement here *and* has a regular established place of business here. *See* 28 U.S.C. § 1400(b). Rather, the FAC confirms venue in the Eastern District of California. *See* FAC ¶¶ 3-4. Sapia conceded as much in its now-mooted Motion to Dismiss. *See* ECF No. 9-1 ¶ 3. Accordingly, the Court orders this case transferred to the proper venue: the Eastern District of California. The Court finds that transferring the case is in the interest of justice.

## IV. CONCLUSION

The Court **ORDERS** this case **TRANSFERRED** to the proper venue: the Eastern District of California.

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE